UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEYBANK NATIONAL ASSOCIATION,

Plaintiff,

v.

ABSHER CONSTRUCTION CO.; ELCON CORPORATION; JASON P. DECKER; and DEBRA A. DECKER,

Defendants.

C23-1303 TSZ

MINUTE ORDER

The following Minute Order[1] is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Absher Construction Co.'s motion for judgment on the pleadings, docket no. 65, is GRANTED in part and DENIED in part, as follows:

(a) As to KeyBank's second cause of action for breach of contract, Absher's motion is DENIED. The Amended Complaint states a claim for breach of contract. *See* Am. Compl. ¶¶ 49–52 (docket no. 8). To the extent a condition precedent of full performance exists, as argued by Absher, the condition is invalid as resulting in an extreme and disproportionate forfeiture. When a condition's occurrence is not a material part of the agreed exchange, "a trial court has the authority to excuse a condition to performance" if "enforcing the condition would cause disproportionate forfeiture." *See Kilcullen v. Calbom & Schwab, P.S.C.*, 177

[1] In this Minute Order, the Court uses the same defined terms that are used in the Order entered November 17, 2026, docket no. 77.

Wn. App. 195, 204–05, 312 P.3d 60 (2013) (citing RESTATEMENT (SECOND) OF CONTRACTS § 229 (1981)); *Northwood Est., LLC v. Lennar Nw., Inc.*, No. 52000-1-II, 2020 WL 1033579, at *6 (Wash. Ct. App. 2020). Absher's reading of the Settlement Agreement would entitle it to withhold both the First and Second Absher Payments even if Elcon had finished almost all of the work on the Absher Project. Under the facts pleaded by KeyBank, such condition was not material to the parties' agreement and would be improperly punitive in nature. *See* Am. Compl. ¶¶ 30–34 (docket no. 8).

(b) As to KeyBank's third cause of action for tortious interference, Absher's motion is also DENIED. The only element of tortious interference that Absher challenges is the requirement that "the defendant's interference was for an improper purpose *or* by improper means." *Evergreen Moneysource Mortg. Co. v. Shannon*, 167 Wn. App. 242, 258, 274 P.3d 375 (2012) (emphasis added). "'[T]he 'improper means' prong . . . requires a violation of a 'statute, regulation, common law rule, or professional standard,'" but "the 'improper purpose' prong bears no such requirement." *United Fed'n of Churches, LLC v. Johnson*, 598 F. Supp. 3d 1084, 1099 (W.D. Wash. 2022) (citing *Pleas v. City of Seattle*, 112 Wn.2d 794, 804, 774 P.2d 1158 (1989)). Here, KeyBank has adequately pleaded an improper purpose by alleging that Absher knew about Elcon's default on KeyBank's loan, both Absher and Elcon were represented by the same law firm in their settlement negotiations, and Absher and Elcon backdated their settlement agreement to take effect before KeyBank's account debtor notice, which had already been issued. *See* Am. Compl. ¶¶ 25, 30, 36–37.

(c) As to KeyBank's fourth cause of action for conversion, Absher's motion is GRANTED, and KeyBank's conversion claim against Absher is DISMISSED without prejudice and with leave to amend. Money may only be the subject of a conversion claim in two circumstances: (1) if the money "was wrongfully *received* by the party charged with conversion," or (2) if the allegedly offending "party was under obligation to *return* the specific money to the party claiming it." *MWW, PLLC v. Smith*, No. 68154-1-I, 2013 WL 1164493, at *2 (Wash. Ct. App. 2013) (emphasis changed) (quoting *Public Util. Dist. No. 1 of Lewis Cnty. v. Wash. Public Power Supply Sys.*, 104 Wn.2d 353, 378, 705 P.2d 1195 (1985)). "Knowledge of a lien against money does not make the recipient liable for conversion." *Id.* (emphasis removed) (quoting *Reliance Ins. Co. v. U.S. Bank of Wash.*, 143 F.3d 502, 506 (9th Cir. 1998)). KeyBank has not pleaded wrongful receipt of money by Absher or an obligation of Absher to return specific money to Elcon. *See* Am. Compl. ¶¶ 59–67 (docket no. 8).

(d) As to KeyBank's fifth cause of action for civil conspiracy, Absher's motion is DENIED. The facts pleaded allow for a reasonable inference that Elcon

and Absher agreed to certain settlement terms to specifically avoid KeyBank's lien. *See* Am. Compl. ⁋ 69 (docket no. 8).

(e) As to Absher's collateral estoppel argument, its motion is DENIED. *See* Order at 9–14 (docket no. 77).

(2) Any amendment to the fourth cause of action for conversion must be filed within thirty (30) days of the date of this Minute Order.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of November, 2026.

Joshua C. Lewis
Clerk

s/Grant Cogswell
Deputy Clerk